# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **HANS OWENS,** * | |
| * | |
| **Plaintiff,** * | |
| v.  * | **CASE NO:** _____ |
| * | |
| **PERDUE FARMS, INC., A Corporation,** * | **JURY DEMAND REQUESTED** |
| * | |
| **Defendant.** * | |

## PLAINTIFF'S COMPLAINT

COMES NOW Hans Owens, Plaintiff in the above action, and brings this Complaint against Perdue Farms, Inc. showing the Court as follows:

## PARTIES

1. Plaintiff Hans Owens is over the age of nineteen and is a resident citizen of Bleckley County, Georgia.

2. Defendant Perdue Farms, Inc. (hereinafter referred to as "Perdue Farms") is a corporation created and existing pursuant to the laws of the State of Maryland with a principal place of business in the State of Maryland. Perdue Farms is registered to do business in the State of Georgia and regularly does conduct business within the State of Georgia. Perdue Farms may be served with process by delivering a copy of this Complaint along with a Summons to its registered agent at CT Corporation Systems, 289 S Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that complete diversity exists between the parties of this action and the matter in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction as to Plaintiff Hans Owens and Defendant Perdue Farms is subject to the personal jurisdiction of this Court.

5. Venue is proper in this Court as to Plaintiff Hans Owens and Defendant Perdue Farms.

## FACTUAL STATEMENT

6. On or about November 1, 2018, Plaintiff Hans Owens was an employee of QSI/Vincit's. He was employed to clean machinery at Defendant Perdue Farm's facility in Perry, Georgia.

7. QSI/Vincit's employees, including Plaintiff Hans Owens, were on Perdue Farms' premises solely for the purpose of cleaning machinery used in the processing of chickens for food products.

8. Plaintiff Hans Owens was employed by QSI/Vincit for approximately a month working at the Perdue Farms facility in Perry, Georgia.

9. On or about November 1, 2018, Plaintiff Hans Owens was in the process of cleaning a Chiller machine located in the chiller room of the facility.

10. The cleaning process began with the Chiller machine in operation to aid in the cleaning process. Plaintiff Owens cleaned the inside of the Chiller with a pressure washer to remove chicken debris. Once Plaintiff Owens completed pressure washing the inside of the Chiller, he followed his training and pulled the stop cord to turn the machine off to apply chemicals inside of the Chiller using a spray bottle and a wand.

11. Plaintiff Owens was not trained to lock out the power to the Chiller machine. Plaintiff Owens was not an "authorized employee" to lock out the Chiller and was not provided a lock and/or tag to isolate power from the Chiller.

12. While in the process of applying the cleaning agents to the inside of the Chiller, the machine suddenly restarted leading to the entrapment, cutting and crush injury to his left hand.

13. Plaintiff Owens' left hand and fingers were severely injured by the blades of the Chiller machine.

14. Plaintiff Owens sustained injuries from the Chiller machine, including, but not limited to: cuts, fractures, abrasions, amputations, nerve damage, and other serious injuries.

15. Plaintiff Owens suffered the following damages: past medical expenses, future medical expenses, past pain/suffering, future pain/suffering, past mental anguish, future mental anguish, permanent disfigurement, past lost wages, future lost wages, lost enjoyment of life, and other damages.

## **COUNT I – NEGLIGENCE**

16. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

17. Perdue Farms had a duty to exercise ordinary diligence and reasonable care to ensure that power was isolated from the Chiller machine preventing its activation when Plaintiff Owens and others were cleaning in close proximity to hazardous components of the Chiller machine. The hazardous components include, but are not limited to, in-running nip points, rotating parts, and cutting and/or ripping aspects of the Chiller.

18. Perdue Farms also had a duty to exercise ordinary diligence and reasonable care to ensure that its Chiller machine was properly guarded to prevent intentional or

inadvertent exposure of persons working on, near or in the Chiller machine to prevent injury.

19. Perdue Farms breached its duties when it failed to observe OSHA and industry standards in place to ensure proper guarding of identified hazards. Perdue Farms also breached its duties when it failed to plan, implement and verify proper lockout/tagout of power during cleaning.

20. Perdue Farms' negligence directly and proximately caused Plaintiff Owens to suffer physical injuries and damages as described in paragraphs 14 and 15 above.

## COUNT II - NEGLIGENCE PER SE

21. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

22. Under 29 C.F.R. 1910.212, Perdue Farms had a duty to provide one or more methods of machine guarding to protect the operator of the Chiller machine and other persons in the area of the Chiller from hazards such as those posed by in-running nips, rotating parts, and other dangers.

23. Under 29 C.F.R. 1910.147, Perdue Farms had a duty to create, implement and verify power isolation procedures while the subject Chiller was being cleaned.

24. Perdue Farms breached its duties by failing to properly guard known hazards and by failing to ensure power was isolated from the Chiller machine during cleaning procedures.

25. Perdue Farms' negligence directly and proximately caused Plaintiff Owens to suffer physical injuries and damages as described in paragraphs 14 and 15 above.

## COUNT III – PUNITIVE DAMAGES

26. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

27. Upon information and belief, Defendant Perdue Farms was aware of the aforementioned defects and violations of OSHA regulations at the time of and before Plaintiff's injury.

28. Upon information and belief, Perdue Farms knew that failure to follow regulations increased the likelihood of serious injury or death; yet, continued to allow Plaintiff and others to work in an unsafe environment.

29. Perdue Farms had a responsibility to report Plaintiff's injury to OSHA. Perdue Farms did not report Plaintiff's injury to OSHA within the required time and to date, has not reported this incident to OSHA.

30. The actions of the Defendant authorizes the imposition of punitive damages, pursuant to the provisions of O.C.G.A. §51-12-5.1, in that they will show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences of its conduct.

## DAMAGES AND PRAYER FOR RELIEF

31. As a direct and proximate result of the Defendant's negligence and wantonness, Plaintiff Owens has and will continue to suffer severe permanent physical and mental injuries, permanent disfigurement, lost enjoyment of life, and substantial economic damages.

32. Plaintiff Hans Owens seeks damages from the Defendant in an amount to be determined by the enlightened conscience of the jury as demonstrated by the evidence,

for the past and future physical pain and suffering, past and future mental anguish, past and future lost enjoyment of life, lost earnings and decreased earning capacity.

33. Plaintiff Hans Owens also seeks damages from Defendant for past, present and future medical and other expenses incurred his care and treatment in an amount to be shown by evidence at trial.

34. Plaintiff seeks punitive damages against the Defendant in an amount determined by the enlightened conscience of the jury to be sufficient to punish, penalize and deter the Defendant from similar future misconduct in light of the aggravated nature of its conduct and in light of its financial circumstances.

WHEREFORE, Plaintiff prays for the following relief:

1. That summons issue requiring the Defendant to appear as provided by law to answer the allegations of this Complaint;

2. For a trial by jury;

3. That judgment be entered in favor of the Plaintiff and against the Defendant;

4. That Plaintiff have and recover damages for his past, present and future pain/suffering, mental anguish, permanent disfigurement, and lost enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury;

5. That Plaintiff have and recover damages for all of his economic damages against the Defendant;

6. That Plaintiff have and recover damages sufficient to compensate him fully, fairly, and completely for all losses compensable under Georgia law;

7. That Plaintiff recover punitive damages;

8. That all costs be taxed against the Defendant; and

9. For such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of the Complaint.

Respectfully submitted, this 5th day of August, 2020.

                                                  */s/ Kendall C. Dunson*
                                                  KENDALL C. DUNSON (GA Bar: 234663)
                                                  Attorney for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103
334/269-2343 (ph)
Kendall.dunson@beasleyallen.com


                                                  */s/ Caroline W. Herrington*
                                                  CAROLINE W. HERRINGTON
                                                  Georgia Bar No.: 153008
                                                  LAUREN M. CHILDS
                                                  Georgia Bar No.: 553971
                                                  Attorneys for Plaintiff

OF COUNSEL:
ADAMS, JORDAN &
  HERRINGTON, P.C.
577 Mulberry St., Ste. 1250
Macon, GA 31202
478/743-2159 (ph)
cherrington@adamsjordan.com
lchilds@adamsjordan.com