- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HANS OWENS,<br><br>Plaintiff,<br><br>v.<br><br>PERDUE FARMS INC., A Corporation,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>THE VINCIT GROUP d/b/a QSI INC.,<br><br>Third-Party Defendant, | CIVIL ACTION NUMBER:<br><br>5:20-cv-00307-TES |

**THIRD PARTY COMPLAINT OF PERDUE FARMS INC.**

**COMES NOW**, Defendant PERDUE FARMS INC., appearing specially and without voluntarily subjecting itself to the jurisdiction and venue of the Court, and for its Third Party Complaint and claim against The Vincit Group d/b/a QSI Inc., shows the court the following:

- 2 -

## PARTIES, JURISDICTION AND VENUE

1.

Upon information and belief, The Vincit Group d/b/a QSI Inc. (hereinafter "QSI") is a foreign limited liability company doing business in this state without authorization to transact business. QSI is subject to the jurisdiction of this court and may be served through its registered agent, W. Scott McGinness Jr., at 832 Georgia Avenue, STE 1200, Chattanooga, TN, 37402-2285.

2.

Jurisdiction and venue are proper as to QSI.

## FACTS

3.

On April 4, 2013, Perdue Farms Inc.'s wholly owned subsidiary, Perdue Foods, LLC (hereinafter, "Perdue"), contracted with QSI for the purpose of cleaning machinery used in the processing of chickens for food products at the Perdue Farms Perry-Fresh facility located at or about 250 Hwy (S.R.) 247 Spur, Perry, Georgia, 31069, in Houston County (the "Facility").

4.

On November 1, 2018, Plaintiff Hans Owens (hereinafter, "Plaintiff") was employed by QSI to clean machinery at the Facility.

5.

On November 1, 2018, Plaintiff suffered injuries to his left hand while in the process of cleaning a machine located in the chiller room of the Facility (the "Subject Incident").

6.

On August 5, 2020, Plaintiff filed its action against Perdue, alleging, inter alia, that Perdue's negligence is the proximate cause of his injuries.

7.

Attached hereto as Exhibit "A" is a copy of the original Complaint.

## COUNT I – CONTRACTUAL INDEMNITY

8.

Perdue realleges and incorporates by reference the allegations contained in Paragraphs 1 through 7 above, as though fully set out below.

9.

Perdue entered into a service agreement with QSI for cleaning machinery at the Facility (the "Service Agreement"). The Service Agreement was in place and in full force and effect on the date of the Subject Incident.

10.

As per the terms of the Service Agreement, QSI is obligated to indemnify, hold harmless and defend Perdue for the claims brought by Plaintiff in this action.

11.

QSI has failed to provide a defense to Perdue.

12.

The Service Agreement also required that QSI maintain liability insurance coverage for the benefit of Perdue.

13.

In the event that QSI did not procure liability insurance coverage for the benefit of Perdue pursuant to Service Agreement between the parties, then QSI is in breach of the Service Agreement and is liable to Perdue as if QSI were the insurer of Perdue.

14.

Perdue denies all liability for the Subject Incident, and further shows that Perdue is entitled to indemnification from QSI for any and all damages adjudged attributable to Perdue.

15.

Moreover, Perdue is entitled to reimbursement from QSI for any and all expenses Perdue has incurred defending the instant litigation.

## **COUNT II – COMMON LAW INDEMNITY**

16.

Perdue realleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 above, as though fully set out below.

17.

Perdue contracted with QSI for the purpose of cleaning machinery used at the Facility; therefore, a principal-agent relationship existed between Perdue and QSI.

18.

On the date of the Subject Incident, Perdue surrendered full possession and control of the Facility to QSI.

19.

At all times on the date of the Subject Incident, Plaintiff was under the exclusive direction, supervision, and control of QSI.

20.

As such, QSI owed a duty to Plaintiff to exercise ordinary care in keeping the Facility and its approaches safe.

21.

QSI breached their duty to Plaintiff by failing to keep the Facility and its approaches safe.

22.

QSI's negligence was the proximate cause of Plaintiff's injuries.

23.

The active negligence of QSI superseded any alleged passive or active negligence of Perdue.

24.

Because QSI's active negligence was the proximate cause of the Subject Incident, QSI is liable for any and all negligence imputed to Perdue, such that Perdue is entitled to indemnification from QSI for any and all damages adjudged attributable to Perdue.

25.

**WHEREFORE,** Defendant/Third-Party Plaintiff Perdue Farms Inc. prays for trial by jury as to all proper issues and that it recover from Third-Party Defendant The Vincit Group d/b/a QSI Inc.:

(a) Compensatory damages in the full amount of the Service Agreement entered into between Defendant/Third-Party Plaintiff Perdue Farms Inc. and Third-Party Defendant The Vincit Group d/b/a QSI Inc.;

(b) Judgment against Third-Party Defendant The Vincit Group d/b/a QSI Inc. for any and all sums that may be adjudged against Defendant/Third-Party Plaintiff Perdue Farms Inc.;

(c) Judgment against Third-Party Defendant The Vincit Group d/b/a QSI Inc. for reasonable attorney's fees, costs, and expenses incurred in this action; and

(d)     Further relief as is warranted under the circumstances.

Respectfully submitted this 28th day of August, 2020.

**HALL BOOTH SMITH, P.C.**

/s/ *James H. Fisher, II*

_____
James H. Fisher, II
Georgia Bar No. 261850
Jack D. Summer
Georgia Bar No. 561871
*Attorneys for Defendant*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30303
jfisher@hallboothsmith.com
jsummer@hallboothsmith.com
Phone:  (404) 954-5000
Fax:  (404) 954-5020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HANS OWENS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PERDUE FARMS INC., A Corporation,<br><br>　　　　Defendant. | CIVIL ACTION NUMBER:<br><br>5:20-cv-00307-TES |

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a copy of the foregoing **THIRD PARTY COMPLAINT OF PERDUE FARMS INC.** using the Court's ECF/CM E-file system, and/or by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto, addressed as follows:

Kendall C. Dunson, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama   36103
Kendall.dunson@beasleyallen.com
*Attorney for Plaintiff*

Caroline W. Herrington, Esq.
Lauren M. Childs, Esq.
ADAMS, JORDAN & HERRINGTON
577 Mulberry Street, Suite 1250
Macon, Georgia   31202-0928
cherrington@adamsjordan.com
lchilds@adamsjordan.com
*Attorneys for Plaintiff*

Dated this 28th day of August, 2020.

                                      **HALL BOOTH SMITH, P.C.**

                                      /s/ *James H. Fisher, II*
                                      _____

191 Peachtree Street, NE, Suite 2900   James H. Fisher, II
Atlanta, Georgia  30303                       Georgia Bar No. 261850
Phone:  (404) 954-5000                      *Attorney for Defendant*
Fax:  (404) 954-5020
jfisher@hallboothsmith.com